## A. S. ROBERTS *v.* POWERS & GARDINER.

Where, under a special contract, a certain amount of timber was to be delivered at a certain place, and in the event of inability on the part of the contractor to deliver at that point, it was agreed that it should be delivered at another specified point, at a price equal to that if delivered at the first place, the delivery to commence at a certain time, and the contractor commenced the delivery at the place designated in the alternative some time before the time specified—*Held:* That the difference in the price could not be claimed for the timber delivered before the time specified in the contract.

APPEAL from the Fifth District Court of New Orleans, *Eggleston,* J. *Whitaker & Fellows,* for plaintiff and appellant. *Collens & Woolridge,* for defendants.

LAND, J. The plaintiff sues for the balance of account, for timber furnished by him to the defendants, under a special contract.

The answer contains a demand in reconvention, consisting of various items, which exceed the balance of account.

There was judgment in favor of the defendants, and the plaintiff has appealed; and as the former have not prayed for an amendment of the judgment, only one question is submitted for our decision, and that is, whether the *item* of $288 46,

for loss on timber furnished from the Bayou St. John, and which constituted a part of the defendants' claim in reconvention, *was properly allowed*. The plaintiff stipulated to deliver the timber, (which was intended for the construction or repair of wharfs, in the first district of this city,) at the *depôt* of the New Orleans and Jackson Railroad; and further stipulated, in case of accident to the railroad, to deliver it in the *Bayou* St. John, at a price equal to that at the depôt.

The evidence shows that timber cost more when delivered in the bayou, than at the railroad depôt, and it is for this alleged difference under the contract, that the defendants claimed the aforesaid sum of $288 46 in their reconventional demand.

The delivery of the timber under the contract, was to *commence on the 15th of June*, 1857, but the defendants have failed to prove that they purchased timber at the bayou *after that date;* and as far as the evidence discloses the date of the purchase, *it was prior thereto*, to wit, the 15th of June, 1857. The plaintiff is certainly not liable for the difference in the price of timber delivered at the railroad depôt, and at the Bayou St. John, before he was under a legal obligation, by virtue of his contract, to make a delivery at either place.

The District Judge erred in allowing this item; and its allowance left a balance in favor of the defendants, under the judgment of the lower court, of $7 96, when there should have been a judgment in favor of plaintiff for $280 50.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed: and it is now ordered, adjudged and decreed, that the plaintiff recover of the defendants, *in solido*, the sum of two hundred and eighty dollars and fifty cents, (the balance due him, after allowing the defendants the sum of thirty-four dollars and fifty-five cents on their reconventional demand,) with interest at the rate of five per cent. per annum, from the 17th day of May, 1858, and costs in both courts.